WILLIAM CROW, JR., defendant below, plaintiff in error, *vs.*
RICHARD T. CANN, plaintiff below, defendant in error.

*Certiorari—Landlord and Tenant—Recovery of Possession of De-
mised Premises—Statute—What the Judgment shall be.*

1. In a proceeding under the statute (*Chap. 101, Sec. 6, p. 770, Rev.
Code*), to recover possession of demised premises after the expiration of the term, a
verdict for the plaintiff and that he is entitled to the possession of the premises named
and mentioned in said statement, and that there be a stay of execution for ten days on
the same from the third day of January, A. D. 1899, is not in accordance with the
statute, and the judgment will be reversed.

2. The statute is mandatory, and prescribes in terms what the judgment shall
be, that is, that the plaintiff shall have judgment for the possession of the premises,
and for his costs. The verdict is in direct violation of the provisions of the statute.

(*June 9, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Charles B. Evans* for plaintiff in error.

*John H. Rodney* for defendant in error.

Superior Court, New Castle County, May Term, 1899.

CERTIORARI (No. 36 February Term, 1899), to Albert N. Sut-
ton, a Justice of the Peace in and for New Castle County. The
record of the Justice disclosed that the plaintiff below " demised
to William Crow, Jr., his house and land situate in Pencader Hun-
dred near Kenney's Station, no term being mentioned, April A. D.
1898, and that on the 17th day of December, A. D. 1898, the said
William Crow, Jr., executed and signed an agreement waiving all
benefits of notice to quit, and further agreed to vacate said premises
on the 19th day of December, A. D. 1898. The said term having
expired, the said William Crow, Jr., has not delivered possession
of the premises aforesaid to the said Richard T. Cann, but unjustly

witholds the same to the damage of the said Richard T. Cann, who thereupon demands possession."

Upon request of defendant, trial was had by referees or jury, who after hearing the proofs and allegations rendered the following verdict: "We, the referees or jurors duly sworn to well and truly try and diligently inquire concerning the matter stated in the plaintiff's statement, and to find a true verdict according to the evidence, do find for the plaintiff and that he is entitled to the possession of the premises named and mentioned in said statement, and that there be stay of execution for ten days on the same, from the 3d day of January, A. D. 1899."

Counsel for the plaintiff in error, filed among others the following exceptions to the record of the Justice, viz: "That the verdict of said jury in said trial as set forth in said record is not in accordance with the statute in that behalf provided.

"That the verdict of said jury is so vague and uncertain as to be entirely void."

LORE, C. J.:—The exceptions are fatal. The statute (*Rev. Code, Chap. 101, Sec. 6, p. 770*) is mandatory, and prescribes in terms what the judgment shall be; *that is*, that the plaintiff shall have judgment for the possession of the premises, and for his costs. The verdict is in direct violation of the provisions of that statute.

The judgment below is reversed.