JAMES FERRIS BELT and VINCENT S. MATTHEWS, p. b., *vs.* MAX ABRAMSON, d. b.

1. JURY—RIGHT TO TRIAL BY JURY—NECESSITY OF REQUEST.

A trial by jury in an action against a tenant holding over is improper, where requested by neither party.

2. JURY—OATH.

The record of a trial in the justice's court must show that the jurors summoned and acting in the cause were sworn or affirmed in accordance with the law.

3. LANDLORD AND TENANT—ACTION FOR POSSESSION—VERDICT AND JUDGMENT.

In an action against one as a tenant holding over, a verdict finding that the tenant is indebted to the landlord, and failing to find the landlord entitled to possession, is erroneous, and a judgment based thereon, which awarded possession to the defendant, is also erroneous.

(*November* 24, 1911.)

Judges BOYCE and RICE sitting.

*Thomas F. Bayard* for Belt and Matthews, p. b., exceptant.

Superior Court, New Castle County, November Term, 1911.

CERTIORARI (No. 22, September Term, 1911) to a justice of the peace, in and for New Castle County, commanding him to send up his record and proceedings in the case instituted before him by the plaintiffs below against the defendant below, as a tenant holding over. There was a judgment in favor of the plaintiffs against the defendant for eleven dollars and sixty cents debt; and likewise a judgment in favor of the defendant for pos-

session of the premises and costs of suit.  Plaintiffs bring *certiorari*.  Judgment reversed.

The following exceptions were filed, to the record and judgment, viz.:

1.  It nowhere appears in said record that either one of the plaintiffs or the defendant requested a jury trial on or before the return day of the summons.  While the record shows that there was a jury trial.

2.  That the record does not disclose that the jurors summoned, and acting in said cause, were sworn or affirmed, as is by law provided.

3.  That the record discloses that the return of a verdict, in writing, of the said jurors shows that the said jurors "Do find that the defendant is indebted to plaintiffs in the sum of eleven dollars and sixty cents, but do not find the plaintiffs entitled to possession of the premises."

4.  The record discloses that upon the written verdict of the jurors in said cause, the justice of the peace entered a judgment "in favor of the plaintiffs, James Ferris Belt and Vincent S. Matthews, and against the defendant Max Abramson for eleven dollars and sixty cents debt, and in favor of the defendant, Max Abramson and against the plaintiffs, James Ferris Belt and Vincent S. Matthews, for possession of the premises, and fifteen dollars costs of suit."

BOYCE, J.:—The exceptions are fatal.  Let the judgment below be reversed.