TONY GIANDONANCIO, d. b., *vs.* JOHN P. O'DONNELL.

1. LANDLORD AND TENANT—FORCIBLE DETAINER—VERDICT—STATUTE.
    In a landlord's action to recover demised premises after notice to quit, verdict, "We, the jurors, * * * do find for the plaintiff in the sum of six cents damages," not finding for plaintiff with respect to his right of possession of the premises, did not substantially meet the requirements of *Rev. Code* 1915, §§ 4071, 4072, providing that, if it shall be proved that plaintiff is entitled to the possession of the premises, he shall have judgment for possession and his costs, and, in case of a holding over after notice to quit, for such damages as shall be assessed, and that, in case of a tenant's holding over, verdict may be in the form, "We, the jurors, * * * do find for the plaintiff, and we do assess the damages, on occasion of the premises, to the sum of ———."

2. LANDLORD AND TENANT—FORCIBLE DETAINER—FORM OF VERDICT—STATUTES.
    In a landlord's action to recover the demised premises after notice to quit, the verdict not substantially meeting the requirements of *Rev. Code* 1915, §§ 4071, 4072, was fatal error, which cannot be amended under *Section* 4083, providing that judgment in such action shall not be reversed for any formal defect or error amendable on the face of the proceedings.

(*March* 21, 1918.)

Judges BOYCE and CONRAD sitting.
*Julian C. Walker* for plaintiff.
*Aaron Finger* for defendant.
Superior Court, New Castle County, March Term, 1918.

CERTIORARI, No. 36, January Term, 1918.

Action before a justice of the peace by John P. O'Donnell, landlord, against Tony Giandonancio, tenant, to recover certain demised premises, after notice to quit. Judgment for plaintiff for damages only. Defendant brings certiorari. Judgment reversed.

The only exception to the record considered by the court appears in the opinion.

BOYCE, J., delivering the opinion of the court:

There are numerous exceptions to the record. It is unnecessary to consider more than one of them, to wit:

"That * * * the jurors rendered a verdict only for six cents damages and nothing more and not for possession of the premises, and not in accordance with the statute in that behalf."

Upon the request of the defendant, the cause was tried by jury. *Rev. Code* 1915, §4071, provides that:

"If on trial it shall be proved to the satisfaction of the justice, or the jury, as the case may be, that the plaintiff is entitled to the possession of the premises, he shall have judgment for the possession thereof, and for his costs, and also, in case of a tenant holding over after notice to quit, for such damages as shall be assessed. * * *"

*Section* 4072 provides, in case of tenant holding over, the verdict may be in this form:

"We, the jurors, * * * do find for the plaintiff, and we do assess the damages, on occasion of the premises, to the sum of——."

[1] The verdict in this case was:

"We, the jurors, * * * do find for the plaintiff in the sum of six cents damages."

This was not a finding for the plaintiff with respect to his right of possession of the premises. It was not such a verdict as substantially meets the requirements of the statute. *Crow v. Cann*, 2 *Pennewill*, 208, 43 *Atl.* 839; *Belt et al. v. Abramson*, 2 *Boyce*, 536, 82 *Atl.* 90. In the case of *Clothier v. Clark*, 4 *Harr.* 365, there was an express finding for the plaintiff in conformity

with the statute. The objection made was not that the verdict was erroneous, but that the judgment did not follow the finding of the jury.

[2] The error in this case cannot be amended under *Section* 4083 and it is fatal. But, considering the merits of the case, a writ of restitution ought not be awarded. The judgment is reversed without a writ of restitution.