ROBERT S. PHILLIPS, d. b., v. CHARLES S. GUNBY, p. b.

1.  FORCIBLE ENTRY AND DETAINER—STATUTE CREATING REMEDY SHOULD BE PURSUED WITH REASONABLE STRICTNESS.

    The remedy of forcible detainer being a special statutory proceeding, summary in nature, and involving possession of the property, the statute creating it should be pursued with reasonable strictness.

2.  FORCIBLE ENTRY AND DETAINER—MAY BE MAINTAINED ONLY BY ONE HOLDING PEACEABLE POSSESSION AT TIME OF DISPOSSESSION.

    The action of forcible detainer is based on plaintiff's exclusion from possession, and can be maintained only by one who held peaceable possession at the time of dispossession.

3.  FORCIBLE ENTRY AND DETAINER—VERDICT FAILING TO FIND THAT PLANTIFF WAS IN PEACEABLE POSSESSION IS FATALLY DEFECTIVE, AND CANNOT BE AMENDED.

    In an action for forcible detainer under *Rev. Code* 1915, § 4068 (2), a verdict wherein the jury failed to find that plaintiff was in peaceable possession, as alleged, pursuant to the requirement of section 4072, is fatally defective, and cannot be amended.

4.  FORCIBLE ENTRY AND DETAINER—JUDGMENT ERRONEOUSLY AWARDING DAMAGES ON FATALLY DEFECTIVE VERDICT MUST BE REVERSED, NOT BEING AMENDABLE TO AWARD POSSESSION.

    In an action for forcible detainer, where the verdict for plaintiff was fatally defective in that it failed to state that plaintiff was in peaceable possession as alleged, a judgment erroneously allowing plaintiff damages as prayed for in the form prescribed by *Rev. Code* 1915, § 4068 (3), in the case of a

lessee or tenant, cannot be amended to award plaintiff possession and costs, the only judgment recoverable under *section* 4071, except in the case of a hold-over tenant, but must be reversed, together with the warrant issued thereon for delivering possession and levying damages and costs as prescribed by *section* 4081.

### ON MOTION FOR WRIT OF RESTITUTION

5. FORCIBLE ENTRY AND DETAINER—ON MOTION FOR WRIT OF RESTITU-
TION, FOLLOWING REVERSAL ON CERTIORARI OF JUDGMENT FOR PLAIN-
TIFF, HEARING MAY BE HAD ON MERITS, BUT NOT ON RECORD ALONE.

While the merits of a case should not ordinarily be inquired into on a motion based alone on the fact of the reversal of a judgment, a hearing on the merits may be had under *Rev. Code* 1915, § 4083, on defendant's motion for a writ of restitution, following reversal on certiorari of a judgment for plaintiff in an action for forcible detainer, such remedy being special and summary; but this should not be done on the certiorari record alone, it being necessary that the foundation for proofs outside the record be laid by petition, affidavit and motion.

### ON AMENDED PETITION AND AFFIDAVIT FOR WRIT OF RESTITUTION

6. LANDLORD AND TENANT—EVIDENCE HELD INSUFFICIENT ON PETITION
FOR WRIT OF RESTITUTION FOLLOWING REVERSAL OF JUDGMENT FOR
PLAINTIFF TO SHOW WAIVER OF NOTICE TO QUIT.

On petition for writ of restitution following seversal of a judgment for plaintiff in an action for forcible detainer, evidence, considered most favorably to plaintiff, *held* insufficient to show an unequivocal understanding by the parties that the statutory notice to quit and deliver possession was waived by defendant.

7. LANDLORD AND TENANT—PERMISSION GIVEN LANDLORD TO STORE FURNI-
TURE IN HOUSE, AND USE GARAGE, HELD NOT TO SHOW WAIVER OF NO-
TICE TO QUIT.

That a tenant permitted his landlord to store furniture in the house, and use part of the garage, did not show that he waived the statutory notice to quit and deliver possession, where it appeared, not that he intended to deliver possession in part or in whole, but that such permission was given only as an accommodation.

8. FORCIBLE ENTRY AND DETAINER—WRIT OF RESTITUTION SHOULD BE
AWARDED ON REVERSAL OF JUDGMENT FOR PLAINTIFF IF, ON "MERITS,"
DEFENDANT IS ENTITLED TO POSSESSION.

Under *Rev. Code* 1915, § 4083, prohibiting the issuance of a writ of resti-tution on reversal of a judgment for plaintiff in an action for forcible detainer, unless the court considers that, on the merits, such writ should be awarded, de-fendant if legally entitled to possession, should be restored thereto; "merits" meaning the strict legal rights of the parties, as distinguished from mere questions of practice and matters depending on the discretion or favor of the court, whether or not such rights relate directly to the cause of action or sub-ject-matter (citing *Words and Phrases, First Series, "Merits"*).

9. LANDLORD AND TENANT—EVIDENCE HELD SUFFICIENT TO SHOW PETITIONER FOR WRIT OF RESTITUTION WAS IN LAWFUL POSSESSION WHEN ACTION WAS BEGUN, AND ENTITLED TO CONTINUE IN POSSESSION AS HOLDOVER TENANT.

On petition for writ of restitution, following reversal of a judgment for plaintiff in an action for forcible detainer, evidence *held* to show that defendant was in lawful possession when the action was begun, and entitled to continue in possession until the expiration of his terms as a hold-over tenant.

*February* 22, 1921.)

BOYCE, J., sitting.

*Frank M. Jones* for defendant below.
*John M. Richardson* and *James Tunnell* for plaintiff below.

Superior Court for Sussex County, February Term, 1921.

CERTIORARI, No. 28. February Term, 1921.

Action for forcible detainer before a justice of the peace by Charles S. Gunby against Robert S. Phillips. Trial by jury. Verdict for damages for plaintiff; and judgment for plaintiff "for real debt $100.00 as damages with cost of suit." Defendant brings certiorari. Judgment reversed, followed by rule to show cause why writ of restitution should not be awarded. Restitution awarded.

The plaintiff below commenced his action by filing with the justice a statement in writing, following, in substance, the form prescribed by the statute in case of "forcible detainer," *Rev. Code* 1915, § 4068 (2), to wit:

"That the plaintiff, Charles S. Gunby, on etc., was in peaceable possession of the dwelling house and lands, situate, etc., and that the said Robert S. Phillips, the said defendant, on the same day and year, entered into the same, and having deprived him, the plaintiff, of the possession thereof, detains possession of said dwelling house and lands unlawfully and with force; to the damage of said plaintiff, who, therefore, demands two hundred dollars.
'[Signed] Charles S. Gunby."

The last clause of the statement laying damages is taken from the form prescribed by the statute in case of lessee, or tenant. Id., § 4068 (3).

Numerous exceptions to the record were filed. Those considered were, in substance: (3) That the jurors rendered a verdict for $100.00 damages, and not for possession of the premises;

(4) it does not appear from the verdict that the plaintiff was entitled to the possession of the premises; (5) the justice did not enter judgment for plaintiff for possession, but only for "real debt $100.00 with cost of suit"; (6) that, although the justice did not enter judgment for plaintiff for possession, he erroneously issued a warrant for delivering possession of the premises to plaintiff; (7) that the jurors did not "find and say that the plaintiff was in the peaceable possession of the tenements described in the complaint" as required by the statute; (8 and 9) that the verdict of the jurors was not for possession, but for damages, to be assessed, under the statute, only in case of a tenant holding over, and costs. *Rev. Code* 1915, § 4071.

The *Code*, § 4071, provides that—

"If on trial it shall be proved to the satisfaction of the justice, or the jury, as the case may be, that the plaintiff is entitled to the possession of the premises, he shall have judgment for the possession thereof, and for his costs, and also, in case of a tenant holding over after notice to quit for such damages as shall be assessed; and execution shall issue accordingly."

The *Code*, § 4072, provides that for forcible detainer only the verdict of the jury may be in this form:

"We, the jurors, * * * do find and say that the plaintiff was in the peaceable possession of the tenements described in said complaint, and that the defendant has' * * * entered into the said tenements and deprived the plaintiff of the possession thereof, and with force unlawfully detained possession thereof against the plaintiff as alleged in the complaint."

The jurors, in this case, made return of their verdict, in writing under their hands, in the language of the above form, except they omitted the words "that the plaintiff was in the peaceable possession of the tenements described in said complaint, and," and they added the words, "and we do assess the damages on occasion of the premises to the sum of $110.00."

Upon return of the verdict, the justice entered "judgment against Robert S. Phillips, the defendant, in favor of Charles S. Gunby for real debt $100.00 as damages with cost of suit"; and on the same day issued a warrant for delivering possession and levying damages and costs, in form, and substance, as prescribed by the statute. *Code*, § 4081.

BOYCE, J. [1, 2]   This was an action before a justice of the peace for forcible detainer, and is now before this court on certiorari.   The remedy of forcible detainer being a special statutory proceeding, summary in its nature, and involving the possession of the property, the statute creating the remedy should be pursued with reasonable strictness.   The action is based on the exclusion from possession, and can be maintained only by him who held the peaceable possession of the property in contemplation of law at the time of dispossession.   And, whenever such·an action is brought, peaceable possession of the premises by the plaintiff and forcible detainer thereof by the defendant are the matters at issue.

[3, 4]   In bringing the action it is first necessary, as required by the statute, to file a statement with the justice, alleging, in substance, that the plaintiff, on, etc., was in peaceable possession of the premises and that the defendant, on the same day and year, entered into the same, and, having deprived him, the plaintiff, of the possession thereof, detains possession of said premises unlawfully and with force.   The jury when summoned to try the case, shall be sworn, or affirmed to "well and truly try and diligently inquire concerning the matters stated in the plaintiff's statement, and to find a true verdict according to the evidence."   One of the matters alleged in plaintiff's statement, and necessary to be alleged in order to show a cause of action and give jurisdiction to the justice, was that on the date mentioned he was in the peaceable possession of the premises described therein.   Proof necessary to support this allegation may, or may not, have been given.   Be that as it may the jurors in making their return did not "find and say that plaintiff was in the peaceable possession of the tenements described in said complaint," as they were required to do substantially according to the form of verdict prescribed by the statute.   Upon the face of the return it is manifest that the verdict of the jurors is not responsive to the issues before them.   The verdict should not only show a finding for the plaintiff for possesssion but it should equally show that the plaintiff was entitled to such finding in that he was in peaceable possession of the premises

at the time of the forcible detainer as alleged in the complaint. In forcible detainer the only judgment plaintiff can have is for possession and costs, and in this case the plaintiff was not entitled to such a judgment because the verdict did not correspond with the statement filed at the inception of the action, and was not, therefore, in substantial compliance with the form of verdict prescribed by the statute. *Giandonancio v. O'Donnell*, 7 *Boyce*, 102, 103 *Atl*. 353.

The verdict is fatally defective and cannot be amended. The suggestion that the error in the judgment may be amended should not, therefore, be considered.

The judgment and the warrant issued thereon are reversed.

Upon the announcement of the reversal of the judgment below, counsel for the plaintiff in certiorari moved the court to consider "the merits of the case" and award a writ of restitution, as provided by *Rev. Code* 1915, § 4083. The motion was opposed on the ground that nothing can be heard or considered by the court out of the record sent up on the writ of certiorari. It was conceded that as a general rule the court on a certiorari is confined to the record, but it was contended that the statute expressly made an exception in a case like this, and provided, in substance, that the court may, upon a reversal of the judgment, award a writ of restitution, if "they shall consider that, according to the merits of the case, such writ ought to be awarded."

BOYCE, J. [5] The court is of the opinion that the merits of the case should not be inquired into on a motion based alone on the fact of the reversal of the judgment. *Baily v. Luff*, 2 *Harr*. 292, note. The general rule laid down in that case is subject to modification and exception. *Cullen v. Lowery*, 2 *Harr*. 459. The action below was for an alleged forcible detainer. The remedy afforded in such case is special and summary. Upon a reversal of a judgment in such proceeding, the statute clearly provides for a hearing on the merits of the case, if applied for, but this should not be done on the record alone. *Shaw v. Fleming*, 5 *Houst*. 155.

Assuming that it is sought by this motion to introduce proof,

with respect to the merits of the case, out of the record on certiorari, the foundation for such proofs should be laid by petition and affidavit of the truth of the facts stated therein, and motion to the court. Leave is granted to the defendant below to file such petition, which having been done, it was determined that the facts contained in the petition did not show a prima facie right to have a writ of restitution awarded. Upon application, the petitioner was granted leave, without prejudice to the other party, to file an amended petition supported by affidavit, and, because of the lateness in the then term of court, further consideration of the application was continued to the next term.

At the following term of court (RICE and HEISEL, J. J., sitting) counsel for the defendant below, having filed an amended petition and affidavit, which, together with the answer, filed after the rule to show cause had issued, sufficiently appears in the opinion of the court, moved that the writ of restitution be awarded under said *section* 4083 of *Code*.

Counsel for plaintiff below opposed the motion for the reason that the court should not go into the facts averred in the amended petition, or consider extraneous evidence on certiorari, even for the purpose of awarding a writ of restitution. It was further contended that the statute did not contemplate a retrial of the merits of the case before the justice.

RICE, J. Before the court can determine the case on its merits, it is necessary for the court to hear testimony.

A rule to show cause was ordered, but the issuance thereof was waived and there was appearance gratis.

Counsel for the plaintiff below thereupon made application for a hearing before a jury, which was denied, and the court proceeded to hear testimony.

Evidence was introduced by the defendant below to show that he became the tenant of the plaintiff below about November 5, 1919, for the term of one year; that in August or September, 1920, the plaintiff below told the defendant below that he had a position elsewhere, and that he would be glad for defendant below to occupy

the property for another year; that he, the defendant below, did not agree to deliver, and did not deliver, possession of the property to the plaintiff below, on November 5, 1920; that he, defendant below, paid rent to the plaintiff below for the month of December, 1920; that on the morning of January 22, 1921, after the hearing before the justice of the peace, he, defendant below, was dispossessed of the leased premises by a constable, on a warrant issued by the justice for delivering posession thereof.

On cross-examination, the defendant below was asked:

"Did Mr. Gunby say anything to you during the early part of 1920 about your removing from the premises?"

His counsel objected on the ground that whatever may have been said between the parties as to the surrender of the premises was only executory, and, unless it was actually carried into effect, it did not give the plaintiff below a right of action to dispossess the plaintiff. *Fish v. Thompson*, 129 *Mich.* 313, 88 *N. W.* 896.

In reply, it was contended for the plaintiff below that there may be an oral waiver of a right to the leased premises, and informed the court that they would show that there was not only a waiver, but an actual surrender of a part of the premises. *Graham v. Anderson*, 3 *Harr.* 364.

RICE, J. If you can show a waiver, and support it by a surrender and an eviction, it is pertinent to the issue raised. We overrule the objection to the question.

The testimony of the plaintiff below was to the effect that he first notified the defendant below, about April, 1920, that he would want possession of the premises at the expiration of the year for which he had rented the same, and he desired to put in his fuel for the coming winter, and that defendant below gave him the privilege of and he did put coal in the cellar of the property; that, at various times, they talked about the surrender of the property, and the defendant below said, "I am going to get a place," and always gave him, the plaintiff below, the impression that he intended to vacate the property at the end of the year, for which the property was rented; that he did not give the defendant below

written notice to vacate, because of such impression; that he did not at any time lease the property to defendant below for another year; that, near the time for defendant below to vacate the premises, he permitted plaintiff below to place his goods in two rooms of the house—the living room and a room up stairs—and gave him the privilege of using the garage; that, when the time came for full surrender of the property, defendant below refused to move out, and said that he did not intend to move. The plaintiff below denied that he, at any time, told the defendant below that he had a position elsewhere, or that he, defendant below, could occupy the property for another year.

RICE, J., delivering the opinion of the Court:

In the certiorari proceeding previously heard by this court, the judgment of the court below was reversed. Whereupon the petitioner in the present proceeding filed a petition and affidavit praying for rule upon the plaintiff below to show cause why this court should not issue a writ restoring the petitioner to the possession of the premises from which he had been ousted by the action of the court below.

The petition, in substance, states that Charles S. Gunby was and is the owner of a certain dwelling house and premises situate in the town of Laurel, Sussex county, Del., and that on or about the 1st day of November, 1919, your petitioner leased the said dwelling house and premises from the said Charles S. Gunby for the period of one year; that the said Charles S. Gunby did not give to your petitioner notice in writing to vacate and deliver up said premises at the end of the year of the tenancy of your petittioner, as required by the statutes of this state, nor did the pettioner give notice to the said Charles S. Gunby in writing, of his intention to vacate and deliver up said premises at the end of the year of his tenancy, and, therefore, your petitioner became and was the tenant of said premises for the year beginning the 1st day of November, 1920; that the said Charles S. Gunby in January, 1921, instituted proceedings before a justice of the peace, to evict your petitioner upon the alleged grounds of a forcible de-

tainer of said premises; that the said Gunby alleged in his statement filed before the justice of the peace that he, the said Charles S. Gunby, was in peaceable possession of said premises on the 5th day of November, 1920, and that your petitioner entered into said premises and forcibly detained the same against him; that at the hearing before the justice of the peace the evidence introduced on behalf of the plaintiff was evidence which would have been proper in a case of the lessee or tenant holding over after notice to quit; that no evidence was introduced at said hearing to show that said Charles S. Gunby was in peaceable possession of the premises on the 5th day of November, 1920, but evidence was introduced on the part of your petitioner, as defendant in said action, to show that your petitioner had been in undisputed possession of said premises from the 1st day of November, 1919, and remained in possession thereof as tenant up to and including the day of the hearing before the said justice of the peace, and that the petitioner had paid to the said Gunby rental for said premises for the months of November and December, 1920, which rental had been received and accepted by the said Charles S. Gunby as landlord; that, after hearing the evidence, the jurors summoned to try the cause before the justice of the peace did not find that Gunby was in peaceable possession of the premises as alleged in the statement filed, but the jurors rendered a verdict of damages against the petitioner, as in a case of lessee and tenant holding over after notice to quit, and the justice rendered judgment in accordance with the verdict of the jurors; the judgment being such as would have been proper under the statute in a case of a lessee or tenant holding over after notice to quit, and not such judgment as properly could be rendered under the statute in an action charging forcible detainer as was charged in the statement filed.

Following the entry of judgment, the justice of the peace issued a warrant of possession, and the petitioner was evicted from said premises, and the same were, by the constable, delivered to the said Gunby.

The petitioner avers that he was evicted from said premises

wrongfully and illegally, and was and is entitled to possession of the same until the 1st day of November, 1921, or until the tenancy is properly and legally terminated; that the judgment rendered by the justice of the peace was reversed by this court at the February term, last, and the petitioner claims the right of possession of said premises of which he is wrongfully and illegally deprived.

The respondent waived the issuance of the rule and moved to dismiss the petition for the reason that allegations of facts outside of the record appear in the petition, and it is the established practice of this court not to go outside of the record in certiorari proceedings. Therefore, the question of whether or not the petitioner should be awarded a writ of restitution should, under the established practice, be determined from the record.

The petitioner in support of his petition contends that under the provisions of section 4083, *Rev. Code* 1915, the court will only award a writ of restitution where it appears, according to the merits of the case, such writ ought to be awarded, and therefore, he should have an opportunity to establish facts to show that, according to the merits of the case, he is entitled to be restored to the premises.

The court denied the motion to dismiss the petition, and stated as a reason that under the provisions of *section* 4083 the court in determining the merits of the case not only had the right to hear and consider matters outside of the record, but, upon the presentation of a proper petition and the issuance of a rule thereon, it was its duty to do so. *Shaw v. Fleming*, 5 *Houst.* 155.

The respondent thereafter filed an answer with affidavit which in substance stated: That he was the owner of the premises in question and leased the premises on or about the 1st day of November, 1919, to the said Robert S. Phillips for the period of one year; that the statutory notice in writing to vacate and deliver up said premises was not given to the tenant by the landlord nor to the landlord by the tenant; that the said Phillips, the tenant, on or about the 5th day of November, 1920, voluntarily delivered up the possession of the premises to Gunby, thereby waiving his right to remain in possession of the premises; that,

after voluntarily delivering up possession of the premises to Gunby, Phillips entered into the same and deprived the landlord of their possession and detained possession thereof unlawfully and with force; that the evidence before the justice of the peace, in place of being such as would have been proper in a case of a lessee or tenant holding over after notice to quit, was such evidence as to convince the jury that the allegations in plaintiff's statement filed before the justice were true, and was strictly evidence to support the allegation of forcible detainer; that, following the verdict, of the jury and the judgment of the justice, a writ of possession was issued by the justice, but the said writ was never executed, and the said Phillips, almost immediately after the rendering of said verdict, voluntarily moved out of the premises and relinquished the possession thereof; and that such action on the part of Phillips was before knowledge on his part of the issuing of the writ of possession.

The cause coming on to be heard, the respondent requested the court to try the case before a jury, but this the court declined to do and proceeded with the hearing.

The petitioner introduced evidence in support of the allegations in his petition. The respondent introduced evidence to prove that, prior to the time when he was required by law to give written notice to the tenant to deliver up possession of the premises at the end of the term, he had several conversations with the petitioner, who assured him that he would move therefrom and deliver up possession to the respondent at the end of the term; that, after the date had passed when notice, as required by the statute, should have been given by the landlord to the tenant, the petitioner's attitude changed with respect to delivering up possession of the premises, and he stated that he would not give up possession until he found a suitable place elsewhere.

The respondent also introduced evidence to prove that near the end of the term the petitioner gave the respondent permission to store some furniture in the house and to use a portion of the garage located on the premises.

The respondent contends that the petitioner by his state-

ments and actions waived the statutory notice to quit and deliver possession of the property to the respondent.

[6,7]  It is not necessary in this case to decide whether or not there could be an oral waiver of the statutory notice because there is no evidence to show that there was an unequivocal understanding by the parties that the notice was waived.  The evidence considered in the way most favorable to the landlord goes only to the extent that there were discussions between the landlord and tenant relative to the termination of the lease without definite understanding between them.  The landlord's position is not improved by the fact that the tenant permitted the landlord to store furniture in the house and use part of the garage, because it does not appear that there was any intention on the part of the tenant to deliver possession of the premises in part or in whole to the landlord.  It does appear that the tenant permitted the landlord to do this only as an accommodation to the landlord.

[8]  The only remaining question is whether, under the merits of the case, the petitioner is entitled to restitution and in this connection, we think it may be proper to consider the meaning of the word "merits" as used in *section* 4083, *Rev. Code* 1915, it being as follows:

"Such judgement shall not be reversed for any formal defect, nor for any error which the court, upon the face of the proceedings, can amend.  A certiorari shall not be a suspersedeas to the issuing, or executing, a warrant for delivering possession;  and upon the reversal of a judgment, the court shall not award a writ of restitution, unless they shall consider that, according to the merits of the case, such writ ought to be awarded."

In 5 *Words and Phrases*, *p.* 4493, it is said:

"The word 'merits' should be understood as meaning the strict legal rights of the parties, as contradistinguished from those mere questions of practice which every court regulates for itself, and from all matters which depend upon the discretion or favor of the court."

Also in the same authority it is said:

"The courts in construing the statutes governing interlocutory orders * * * have held that the phrase 'involves the merits' must be so interpreted as to embrace orders which pass upon the substantial legal rights of the suitor, whether such rights do or do not relate directly to the cause of action or subject-matter in controversy."

In 27 *Cyc.* 483, "merits" is defined as follows:

"In practice, a matter of substance, as distinguished from matter of form; the real or substantial grounds of action or defense, in contradistinction to some technical or collateral matter raised in the course of the suit."

We believe that "merits" as used in section 4083 means legal rights upon the facts, and, therefore, if, from the facts in the case, it appears that the tenant is legally entitled to the possession of the premises in controversy, then he should be restored to possession thereof.

[9]   In our opinion it clearly appears from the evidence introduced at the hearing that, at the time of the proceeding before the justice of the peace, the tenant was in lawful possession of the premises in question and was justly entitled to continue in possession thereof until the expiration of the term, as a holding-over tenant. The court are of the opinion that the tenant, the petitioner in this proceeding, is legally entitled to the possession of the premises, and, therefore, that a writ of restitution restoring him to possession thereof should issue from this court; and it is so ordered.